### THOMPSON et v SMITH et

Ohio Appeals, 9th Dist, Summit Co

No 2779.   Decided Feb 1, 1937

Brouse, Englebeck, McDowell, May & Bierce, Akron, for appellants.

Carl M. Myers, Akron, for appellee Elizabeth Smith.

### OPINION

PER CURIAM

This cause is before this court upon appeal on questions of law, and reference

will be made to the parties under the titles which they bore in the trial court.

The action was one to contest the last will and testament of John A. Randall, deceased, and said proceedings were inaugurated within the time fixed by statute.

The record discloses the following facts: John A. Randall, prior to his death, was married, and lived with his wife until the year 1928. At that time, and up until the time of making his will, which occurred on February 6, 1931, he had a mother and a father, and also a sister, living, with all of whom he was apparently upon the most affectionate terms.

During the year 1927 or 1928, the evidence shows the decedent to have met one Elizabeth Smith, and their association resulted in the alienation of the affections of John A. Randall from his wife, and the breaking up of John A. Randall's home; as a result of which, divorce proceedings were later instituted by said decedent's wife, Opal F. Randall. A divorce was subsequently granted to her, on July 1, 1931.

From 1928 on to the time of his death, John A. Randall continued his association with said Elizabeth Smith in greater or less degree, and in his will named her as his sole distributee, with the exception of $1 which was left to his estranged wife, Opal F. Randall, who had not at that time divorced him.

The evidence shows said will to have been delivered by said John A. Randall immediately upon its execution to said Elizabeth Smith, who retained the will in her possession until after the death of said decedent, whereupon she produced said will and offered the same for probate, and said will was thereafter duly admitted to probate.

After this action had been fully presented in the trial court, it was submitted to a jury under very full and complete instructions by the court, which instructions, in our opinion, were not susceptible to complaint at least upon the part of the proponents of the will.

Upon several occasions during the giving of the charge, the court reiterated the following or similar instructions:

"The undue influence and restraint required in order to render the will invalid must be of such character and degree as to prevent the exercise of that discretion and judgment which are essential to a sound and disposing mind, at the time of the making of the will."

The jury returned a unanimous verdict in favor of the contestants, and, two lines of attack upon said will having been adopted by the contestants—namely, that the signature attached thereto was not the signature of said John A. Randall, deceased, and that said decedent had been subjected to undue influence at the time of and in the execution of said will—the jury was required to answer certain special interrogatories requested by the proponents of said will. Those interrogatories and the answers given thereto, were as follows:

"1. Did John A. Randall sign the will? Ans.: Yes.

"2. Was undue influence, as defined by the court, used to secure the signature of John A. Randall to the will? Ans.: Yes.

"3. If you should find that undue influence caused John A. Randall to sign the will, then answer the following questions:

"A. Who exercised the undue influence? Ans.: Elizabeth Smith.

"B. When was the undue influence exercised? Ans.: From year 1928 until his death.

"C. Of what did the undue influence consist? Ans.: Complete domination as evidenced by the scheming way Elizabeth Smith broke up the home of John A. Randall and otherwise influenced his actions and deprived John A. Randall of exercising his own judgment."

After the return of said verdict and the answers to said special interrogatories on February 27, 1935, a motion for a new trial, and for final judgment for the proponents of said will, was duly filed; and the trial court, on March 18, 1936, upon consideration of said request for final judgment, and without ruling upon the grounds claimed to warrant the granting of a new trial, rendered final judgment in favor of the proponents of said will and against plaintiffs, notwithstanding the unanimous verdict of the jury for plaintiffs.

There is thus presented to this court the following question:

Whether, upon either or both of the issues raised by the attack upon said will, there was such evidence produced by the contestants as would enable reasonable minds to reasonably reach different conclusions from a consideration of that evidence.

Upon the question of the propriety of the trial court's resolving, as a matter of law, the issues in a case such as this, the Supreme Court of Ohio has said the following:

84

"It has been well said that in the nature of the case issues relating to undue influence are generally determined upon circumstantial evidence and inferences drawn from a full presentation of facts which may be inconclusive when taken separately, and a wide range of inquiry is, therefore, permitted to bring before the jury facts and influences bearing on the preparation of the will.

"* * * Different minds might reasonably differ as to the inferences to be drawn from the competent evidence, and it was the duty of the jury to draw these inferences after considering all the circumstances in the case in the light of the evidence of both parties, although the trial judge was himself clearly convinced as to the conclusion that should be arrived at."

**Board of Education v Phillips, 103 Oh St 622, at pp. 626-627.**

And as to the propriety generally of such action by the trial court, the Supreme Court has said:

"3. In order that an issue should be required to be submitted to the jury, it is not essential that there be such a conflict in the testimony of different witnesses as makes it necessary for the jury to determine disputes or questions of veracity. That is not the only province of the jury. Where there is no conflict in the testimony, but nevertheless the unconflicting testimony discloses a variety of circumstances from which different minds may reasonably arrive at different conclusions as to the ultimate facts shown by the evidence, it is the duty of the jury to determine such ultimate fact. When the decisive ultimate fact is undisputed, there is presented simply a question of law."

**Vignola v New York Central Railroad Co., 102 Oh St 194.**

In the instant case there were presented not only sharp conflicts in the testimony of different witnesses, but, in addition thereto, a variety of circumstances from which, in our judgment, reasonable minds may reasonably have reached different conclusions as to the ultimate facts shown by the evidence.

It is the well-settled law that, in the absence of fraud, no matter by what influence a testator may be motivated, so long as that influence does not overpower his inclinations and judgments and induce a disposition of his property contrary to his own wishes and desires, his will cannot be invalidated for undue influence, and the court very plainly and fully so charged the jury in this case.

It was said, however, by Day, Chief Justice, in **Monroe et v Barclay et, 17 Oh St 302, at p. 315:**

"Every will, it may fairly be presumed, is prompted by influences strong enough to induce its provisions; and it would seem, therefore, that the most that ought to be claimed from such influences, in the contest of a will, is, to have them submitted to the jury, to enable them to determine whether the testator was misled or so influenced thereby as to affect his own free choice and judgment in the disposition of his property."

We have carefully read and considered the entire record in this case, and have examined all of the exhibits attached thereto, and we are clearly of the opinion that the trial court erred in concluding as a matter of law that reasonable minds, under the evidence adduced in this case upon the question of undue influence, might not reasonably have reached different conclusions.

We are further of the opinion that there was such evidence produced in the trial of this case, and that there were such circumstances presented by that evidence, as required the trial court to submit the issues to a jury, and not determine the same as a matter of law.

Our reading of the record herein shows no evidence of the influence of passion or prejudice upon the jury in the rendition of the verdict which it returned, and the answers of the jury to the special interrogatories propounded by the proponents of the will indicate a full and accurate understanding by the jury of the law as charged by the court.

The judgment of the trial court, entered as of the time of the making of proponents' motion for a directed verdict at the close of all of the evidence, will therefore be reversed, and the cause remanded to the Court of Common Pleas with instructions to the trial court to pass upon the motion for a new trial; and this court does not desire to be understood from the disposition made of this case, or from anything which may have been said herein, as evidencing any opinion as to the ruling which should be made upon said motion for a new trial; that motion, and the grounds set forth therein, were not before us nor considered

by us in our disposition of this case.

Judgment reversed and cause remanded with instructions.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.